NO.  07-05-0300-CR
07-05-0301-CR
07-05-0302-CR
07-05-0303-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 12, 2007
_____

JOSE GEORGE GONZALES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NOS. 49,233-C, 49,234-C, 49,235-C and 50,082-C;

HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**


Appellant, Jose George Gonzales, appeals four convictions of aggravated sexual assault of a child and three convictions of indecency with a child by sexual contact.  We affirm.

Background

Appellant married Michelle Rodriguez in March 2001 and helped her raise her three children, including V.E. During the marriage, Rodriguez became a registered nurse and began working during the evenings which left appellant in charge of the children on many evenings. On May 7, 2004, V.E. spoke with her mother and told her that "when I sleep with Daddy, he does nasty things to me." Upon further discussion with Rodriguez, V.E. revealed sexual misconduct covering approximately seven months. At the time that V.E. spoke with Rodriguez, V.E. was eight years old. Based on V.E.'s statement, Rodriguez notified authorities and went to speak with appellant. When confronted by Rodriguez and the police, appellant denied any wrongdoing and accused V.E.'s brother of the sexual assaults. Appellant was arrested and charged with a total of seven criminal offenses: (a) one count of indecency with a child by sexual contact, alleged to have occurred in November 2003; (b) one count of aggravated sexual assault, alleged to have occurred in April of 2004; and (c) two counts of indecency with a child by sexual contact and three counts of aggravated sexual assault of a child, alleged to have occurred on May 6, 2004.

At trial, the State introduced the testimonial evidence of several witnesses, including Rodriguez and Leta Acker, V.E.'s therapist. Rodriguez's testimony was introduced as an outcry witness statement without objection. However, when the State called Acker as an outcry witness, appellant objected contending that, since Rodriguez had already testified as an outcry witness, any testimony from Acker regarding V.E.'s report of sexual offenses to Acker was inadmissible as an additional outcry witness statement. The trial court overruled appellant's objection and admitted the testimony as an outcry witness statement.

2

At the conclusion of the State's case, appellant called V.E.'s brother to the stand and attempted to elicit testimony regarding prior allegations against him, but was prevented by the trial court after the State objected to the evidence as improper character evidence. The jury found appellant guilty of all the charges and assessed appellant's punishment at fifteen years on each of the indecency charges, twenty years on one count of aggravated sexual assault of a child, and sixty years on three counts of aggravated sexual assault of a child.

Appellant appeals contending that the trial court erred in: (1) allowing Acker to testify as a second outcry witness; (2) prohibiting testimony relating to bad acts by V.E.'s brother;[1] and (3) denying appellant's motion for directed verdict which contended that the evidence was legally and factually insufficient to support the verdict. We affirm.

Outcry Witness Testimony

With proper notice to the accused, an initial out-of-court statement made by a victim of a sexual offense, twelve years or younger, describing the offense is not excluded as hearsay if the statement was made to a person eighteen years old or older. See TEX. CODE CRIM PROC. ANN. art. 38.072 § 2 (Vernon 2005). A trial court's determination as to admissibility of the testimony of an outcry witness is subject to review for abuse of discretion. See Garcia v. State, 792 S.W.2d 88, 92 (Tex.Crim.App. 1990). A reviewing

---

[1] Although appellant's brief alludes to constitutional violations of appellant's right of confrontation, due process, and equal protection, as well as ineffective assistance of trial counsel, appellant does not refer to the record nor cite any legal authority to support these issues. Therefore, we deem these issues waived. See TEX. R. APP. P. 38.1(h); Tong v. State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000).

court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

During the trial, Rodriguez testified that V.E. spoke to her on May 7, 2004 and described to her how appellant had touched V.E.'s private parts and how appellant made V.E. touch his privates. Further, Rodriguez testified that V.E. stated that appellant would pull down her panties and get on top of her which could indicate sexual intercourse. We conclude that V.E.'s outcry statements to Rodriguez referenced, at most, the offenses of indecency with a child by sexual contact and aggravated sexual assault by penetration. See TEX. PEN. CODE ANN. §§ 21.11 & 22.021(a)(1)(B)(i) (Vernon 2003 & Vernon Supp. 2006). In contrast, Acker's testimony referred to V.E.'s outcry describing appellant placing his mouth on the child's genitals. The outcry statement was revealed by V.E. to Acker during a counseling session. Acker's testimony of V.E.'s outcry alleged the offense of aggravated sexual assault by oral contact. See TEX. PEN. CODE ANN. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2006).

Appellant contends that Acker's statement simply expands on Rodriguez's testimony of the incident of May 6th, and added nothing substantially new. Hence, appellant contends that Acker should not have been allowed to testify about V.E.'s outcry to her. However, V.E.'s outcry to Acker alleged the commission of another offense. Therefore, Acker's statement can be classified as an outcry witness statement. See Tear v. State, 74 S.W.3d 555, 559 (Tex.App.–Dallas 2002, pet. ref'd). In compliance with section 2(a) of article 38.072 of the Texas Code of Criminal Procedure, the State gave appellant notice of its intent to use the two statements as outcry witness statements more than fourteen days

prior to trial, provided appellant's trial counsel a written summary of the statements, and the victim was available and testified during the trial. Hence, we conclude that the trial court did not err in allowing both Rodriguez and Acker to testify as outcry witnesses. We overrule appellant's first issue.

Exclusion of Testimony of Brother's Bad Acts

Next, appellant contends that the trial court erred in excluding testimony regarding specific conduct by V.E.'s brother necessary to refute V.E.'s identification of appellant as the perpetrator of the sexual assaults. A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. See Green, 934 S.W.2d at 102. In order to properly preserve a complaint, a party must state the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. See TEX. R. APP. P. 33.1(a)(1)(A); Reyna v. State, 168 S.W.3d 173, 177-78 (Tex.Crim.App. 2005). Generally, evidence of a person's character or character trait is not admissible for the purpose of proving action in conformity therewith on a particular occasion. TEX. R. EVID. 404(b). However, evidence of crimes, wrongs, or acts may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

At trial, appellant sought to admit testimony from V.E.'s brother relating to specific conduct he allegedly committed against appellant's biological daughter during the summer of 2002. The State objected to the testimony under Rule 404(b) of the Texas Rules of

Evidence as inadmissible character conformity evidence. Appellant's stated reason for seeking the admission of such testimony was:

> I believe it is relevant in that it shows an activity on his part that is before the jury that they need to consider as far as acting with conformity of a particular pattern on his part. The Defense is wanting to show that this was not an isolated incident in regards to [V.E.]

Appellant did not raise the issue of identity when the trial court requested a response to the State's 404(b) objection. In fact, appellant's stated reason for seeking the brother's testimony was to establish the brother's alleged propensity to commit sexual offenses, the purpose specifically prohibited by Rule 404(b). Since appellant did not raise the identity exception to the general rule of inadmissible character conformity evidence, appellant failed to preserve any complaint regarding the admissibility of the evidence as relevant to the issue of identity and has waived the issue. See Kennedy v. State, 193 S.W.3d 645, 650 (Tex.App.–Fort Worth 2006, pet. ref'd). See also Broxton v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995) (en banc) (to preserve error for appellate review, complaint on appeal must comport with objection at trial and an objection stating one legal theory may not be used to support a different legal theory on appeal). We overrule appellant's second issue.

Sufficiency of the Evidence

Finally, appellant contends that the evidence is both legally and factually insufficient to support his convictions and that the trial court erred in denying his motion for directed verdict. When reviewing challenges to both the legal and factual sufficiency of the

6

evidence to support the verdict, we first review the legal sufficiency challenge.  See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996) (en banc).  If the evidence is legally sufficient, we then review the factual sufficiency challenge.  See id.

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004).  In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

Appellant does not contest that V.E. was the victim of inappropriate sexual contact and aggravated sexual assault.  Rather, appellant contends that the circumstances surrounding the assaults were not conducive to a proper identification and that V.E.'s brother was the perpetrator.  However, reviewing the evidence in the light most favorable to the verdict, we recall that V.E. specifically testified that appellant was the person that sexually abused her and that he touched her privates on numerous occasions, between ten to twenty times.  When asked whether her brothers had ever touched her inappropriately, V.E. specifically denied that anyone else had ever touched her private parts.  Further, V.E. testified that the assaults took place in appellant's bedroom when her mother was away.  Although the evidence did indicate that the room was dark and that the victim would close her eyes during the assaults, V.E. unequivocally named appellant as

7

the perpetrator and did not hesitate in her identification of appellant. We conclude that the jury's verdict is supported by more than a mere modicum of evidence and that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Therefore, we conclude that the trial court did not err in denying appellant's request for a directed verdict based on the legal sufficiency of the evidence.

Having determined that the evidence was legally sufficient to support appellant's conviction, we now turn to the factual sufficiency of the evidence. When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 414. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. at 417. Additionally, an appellate court addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Again, appellant's primary contention is that V.E. was unable to identify the person assaulting her because of the conditions during the assaults. The evidence showed that the windows in the room were covered by black cardboard and that V.E. could not identify

8

the perpetrator by voice. Further, appellant points out that V.E. testified that she would close her eyes or be partially asleep and, thus, was unable to make a positive identification of the person that assaulted her. Overall, V.E. could not and did not disclose how she was able to make a positive identification of the person that assaulted her. Therefore, appellant contends that, considering the evidence in a neutral light, the evidence is factually insufficient to support appellant's conviction.

However, in addition to the evidence appellant relies on, the jury also heard V.E. identify appellant as the person who assaulted her. Further evidence established that appellant would occasionally carry V.E. to his bedroom, ask V.E. to go to his bedroom, or ask V.E. to sleep in his bed. The following testimony was elicited from the victim:

> Defense counsel: "If you never opened your eyes, how did you know who was doing this?"

> V.E.: "Because he [appellant] was the only one that ever did that to me."

*   *   *

> State: "Who is the only person who has ever touched you on your privates other than your mom when she was giving you a bath . . ."

> V.E.: "Jose [appellant]."

> State: "Has anybody else ever touched you in a bad way other than Jose?"

> V.E.: "No."

*   *   *

9

State: "How do you know it was Jose that carried you from your room to his?"

V.E.: "Because in the morning, I would wake up and he would be there."

State: "Okay. Did you ever see him carry you into his room?"

V.E.: "Yes."

Appellant is correct that the victim was never able to state how she was able to make her identification of appellant as the person committing the offenses. However, the victim never wavered in her identification, and denied anyone else ever having touched her in a "bad way." We do not see how, even if the victim is unable to say how she can identify appellant, the evidence undermines the victim's identification of appellant as the person committing the offenses. The assaults took place in appellant's bedroom when Rodriguez was working, appellant was the only person to carry V.E. to the bedroom, and appellant would be in the room in the morning after the assaults took place. Although V.E.'s testimony varied depending on whether the defense counsel or the prosecutor was questioning her, the jury is entitled to judge the credibility of each witness. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). In reviewing the evidence in a neutral light and, deferring to the jury's determination of the witness's credibility, we conclude that the evidence supports the jury's verdict and that the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. See Watson, 204 S.W.3d at 415. We overrule appellant's contention regarding the sufficiency of the evidence.

10

Conclusion

For the foregoing reasons, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.